(130 So. 468)

**STATE v. WELLS.**

**Ex parte WELLS.**

No. 30898.

Sept. 27, 1930.

S. R. Holstein, of Winnsboro, for relator.

Percy Saint, Atty. Gen., and Harry Fuller, Dist. Atty., of Winnfield, for the State.

ST. PAUL, J.

Relator was charged before the district court of La Salle parish with grand larceny and robbery. On the larceny charge his bail was fixed at $6,000, which was afterwards reduced to $2,000. On the robbery charge his bail was fixed at $8,000.

He applied to this court for a reduction of the amount of bail fixed, on the ground that same is excessive. He avers that he is able to furnish only $5,000 bail in all, to wit, $2,000 on the charge of grand larceny, and $3,000 on the charge of robbery.

The return of the district judge is as follows:

Moore Wells, alias Charley Edwards, was charged by the district attorney, in the information, with the larceny of $7,000; this bond was fixed by us at $6,000, but was later reduced to $2,000; which we considered very reasonable under the facts and circumstances in the case.

The said party was also charged, in the information by the district attorney, with robbing the La Salle State Bank with firearms. We made an investigation of the evidence before fixing the bond, and from the information we were able to gather the presumption of guilt was very strong. After investigation we considered an $8,000 bond very reasonable. The evidence showed that this party, in

company with one R. R. Ragon, entered the La Salle State Bank at Jena, armed with pistols, took $7,000 from the bank, and locked all the officials in the vault; that is, three officials who were present.

■ We are of opinion that the bond of $2,000 on the charge of larceny of $7,000 was manifestly reasonable and will say no more of that.

■ Nor can we see wherein the bond on the robbery charge was manifestly unreasonable under the circumstances of this case. The crime charged is one of violence, and the nature of it such that the public safety requires that the attendance of the accused at his trial should be secured; and if, in the opinion of the district judge, a bond in the sum fixed is necessary to secure such attendance, we see nothing in the case which warrants us in holding that he has abused his discretion in fixing the bond at such a sum as would accomplish that end.

### Decree.

The rule herein taken is therefore discharged.